**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

BENJAMIN VASQUEZ and
OMAR ZAVALA,

      Plaintiffs,

v.                                       No. 07-CV-0895 WJ/RHS

AMERICANO U.S.A., LLC
a/k/a AMERICANO BUS LINES,
FLORENCIO HERNANDEZ,
THE DANIEL COMPANY OF
SPRINGFIELD and LARRY
GENE DODSON,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**

      **THIS MATTER** comes before the Court on Plaintiffs' Motion to Remand.  (Doc. 3).

The Court, having considered the instant Motion, Defendant Americano U.S.A.'s Response

(Doc. 7), Plaintiffs' Reply (Doc. 10), the January 9, 2007 oral arguments, the relevant law, and

otherwise being fully informed, finds that the instant Motion is meritorious and accordingly,

shall be granted.

**BACKGROUND**

      On April 24, 2005, Plaintiffs Benjamin Vasquez and Omar Zavala (hereinafter

"Plaintiffs") boarded a Americano U.S.A., LLC (hereinafter "Americano") passenger bus in

Chihuahua, Mexico.  The Americano bus, driven by Florendez Hernandez (hereinafter

"Hernandez"), then traveled to the United States Port of Entry in El Paso, Texas.  Upon entering

the United States, the Americano bus headed north traveling in New Mexico on Interstate 25.  In Valencia County, New Mexico, the Americano bus collided with an eighteen wheel tractor/trailer truck driven by Larry Gene Dodson (hereinafter "Dodson") and owned by The Daniel Company of Springfield (hereinafter "Daniel Company").

On April 17, 2007, Plaintiffs filed suit against Defendants Americano, Hernandez, Daniel Company, and Dodson in the Second Judicial District Court, State of New Mexico, County of Bernalillo.  Defendant Americano filed its Notice of Removal with this Court on September 10, 2007.  (Doc. 1).  Plaintiffs, in the instant Motion, argue that this matter should be remanded because removal was procedurally defective (1) because it was filed outside the thirty-day time limit of 28 U.S.C. § 1446(b); and (2) because all Defendants did not properly join Americano's Notice of Removal.

**LEGAL ANALYSIS**

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."  Federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and complete diversity exists.  28 U.S.C. § 1332(a).

**A.  Notice of Removal:  The Thirty-Day Filing Requirement**

Plaintiffs assert that Defendant Americano's Notice of Removal is procedurally defective as filed outside the statutorily proscribed thirty-day time limit.  28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which ever period is shorter.

2

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be *ascertained* that the case is one which is or has become removable . . . .

Id. (emphasis added).  In Akin v. Ashland Chem. Co., 156 F.3d 1030 (10th Cir. 1998), the Tenth

Circuit dealt with the issue of when the statute begins to run:

> In Debry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979), we held that "if the statute is going to run, the notice [of removability] ought to be unequivocal.  It should not be one which may have a double design."   We further ruled that "ascertained" as used in §1446(b) means a statement that "should not be ambiguous" or one which "requires an extensive investigation to determine the truth."  Id. at 490.  Debry is consistent with our prior ruling in Ardison v. Villa, 248 F.2d 226 (10th Cir. 1957), in which we interpreted the predecessor provision of § 1446(b), holding that the key to determining the date from which the clock begins to run is when the defendant is able to "*intelligently ascertain removability.*"  Id. at 227.  We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist.  Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.

Id. at 1035-36 (emphasis added) (footnote omitted).  Plaintiffs argue that diversity of citizenship

and an amount in controversy greater than $75,000 were intelligently ascertainable at the

inception of the lawsuit in state court.  Defendant Americano argues that removability only

became intelligently ascertainable when Plaintiffs filed responses to Americano's first set of

interrogatories.[1]

Plaintiffs' Complaint does not mention Plaintiffs' citizenship; nor, pursuant to New

Mexico state law, does it state an amount sought in relief.  Plaintiffs reason that because they

showed Defendant Hernandez their United States Visas before boarding the Americano bus in

---

[1]  There is no dispute that Defendant Americano's Notice of Removal is timely if removability became intelligently ascertainable when Plaintiff filed responses to Americano's first set of interrogatories.

Chihuahua, Mexico, Defendant Americano had knowledge of Plaintiffs' citizenship at the inception of the lawsuit.  This logic does not comport with the Tenth Circuit's standard of a defendant intelligently ascertaining an unambiguous and unequivocal notice of removability triggering the running of the statute.  Plaintiffs filed their complaint roughly two years after boarding the Americano bus in Mexico.  Upwards of 40 passengers were riding on the bus at the time of the accident, many of them United States citizens.  It is simply unreasonable to find removability was intelligently ascertainable at the moment the lawsuit was filed.  Such a finding requires Defendant Hernandez to specifically remember the citizenship of Plaintiffs and to report such information to Defendant Americano following the accident.  Moreover, even if Defendant Americano could have determined diversity of citizenship at the inception of the lawsuit, Defendant Americano would not have known that the amount in controversy exceeded $75,000, especially considering the Plaintiffs failed to specify the amount of damages sought in their Complaint.  Thus, the Court concludes that the issue of untimely notice of removal is not a basis for remand.

### B.  Notice of Removal:  The Joinder Requirement

Plaintiffs also assert removal is procedurally defective because all Defendants did not properly join Defendant Americano's Notice of Removal.  Defendant Americano's Notice of Removal states:  "Florencio Hernandez, the Daniel Company and Larry Dodson consent to the removal of this action."[2]  (Doc. 1).  Attorney Randall W. Roberts filed an October 24, 2007 Notice of Appearance on behalf of Defendants Daniel Company and Dodson.  (Doc. 4).  However, the Notice of Appearance does not explicitly state that Defendants Daniel Company

---

[2]  Defendant Americano's counsel also represents Defendant Hernandez in this matter.  Thus, Defendant Hernandez is considered properly joined.

4

and Dodson consent to removal.  The parties do not cite and the Court is not aware of any Tenth

Circuit or District of New Mexico precedent resolving the issue of whether the representation by

one defendant that all other defendants consent to removal is sufficient.  In other words, must all

defendants formally consent in writing to removal from state court in order for removal to be

proper?  The Court concludes that formal consent to removal by all defendants is required.

### Discussion

"As a creature of statute, removal comes with statutory procedures and requirements that

are mandatory in nature. . . .  While these procedural requirements are not jurisdictional in

nature, they have been strictly enforced."  McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D.

Kan. 1997) (citations omitted).  "Removal statutes are to be strictly construed, Shamrock Oil &

Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941), and all

doubts are to be resolved against removal.  Greenshields v. Warren Petroleum Corp., 248 F.2d

61, 65 (10th Cir. [1957]), cert. denied, 355 U.S. 907, 78 S. Ct. 334, 2 L. Ed. 2d 261 (1957)."

Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).  "Courts should

interpret the removal statute narrowly and presume that the plaintiff may choose his or her

forum."  Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted).

"[T]here is a presumption against removal jurisdiction."  Laughlin v. Kmart Corp., 50 F.3d 871,

873 (10th Cir. 1995) (citation omitted).

"The removing party has the burden to show that removal was properly accomplished."

McShares, 979 F. Supp. at 1342 (citations omitted).  Where there are multiple defendants, **all**

defendants served at the time of filing must join in the notice of removal.  Cornwall v. Robinson,

654 F.2d 685, 686 (10th Cir. 1981).  Although this mandate is not an express statutory

requirement, it is well established that a notice of removal fails if this procedural requirement is

5

not met.  Id.  Generally, courts refer to this as the unanimity rule.  McShares, 979 F. Supp. at

1342 (citations omitted).

      To join a notice of removal is to support it in writing.  Henderson v. Holmes, 920 F.

Supp. 1184, 1186 (D. Kan. 1996) (citing Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994)).

All defendants are not required to sign the same notice of removal.  Getty Oil Corp., a Div. of

Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988);

McShares, 979 F. Supp. at 1342; Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah

1995).  Instead, each defendant must independently and unambiguously file notice of its consent

to join in the removal within the thirty-day period.  McShares, 979 F. Supp. at 1342; Jarvis, 874

F. Supp. at 1254.  The District Court for the District of Kansas laid out the rational for this

requirement in Henderson v. Holmes, 920 F. Supp. 1184, 1187 n. 2 (D. Kan. 1996):

> There are valid reasons for [the requirement of independent and unambiguous
> filing of consent.]  Without such a filing, "there would be nothing on the record to
> 'bind' the allegedly consenting defendant." [Getty, 841 F.2d at 1262 n.11].  It serves
> the policy of insuring the unanimity necessary for removal.  Martin Oil Co. v.
> Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1238 (N.D.W.Va. 1993).  It is
> consistent with the notion that filing requirements are strictly construed and enforced
> in favor of remand. Barger v. Bristol-Myers Squibb Company, 1994 U.S. Dist.
> LEXIS 2267, *11, 1994 WL 69508, at *2 (D. Kan. Feb. 25, 1994) (No.
> 93-2485-JWL).  It is not an onerous requirement that unfairly disadvantages
> defendants or that can be manipulated by the plaintiff. [Jarvis, 874 F. Supp. at 1255].
> District courts within the Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and
> Eleventh Circuits have endorsed similar requirements.  See, e.g., Ogletree v. Barnes,
> 851 F. Supp. 184, 188-190 (E.D. Pa. 1994) (Third Circuit); Martin Oil Co., 827 F.
> Supp. at 1238-39 (and citations therein) (Fourth Circuit); Thompson v. Louisville
> Ladder Corp., 835 F. Supp. 336, 337 n.3 (E.D. Tex. 1993) (Fifth Circuit);
> Knickerbocker v. Chrysler Corp., 728 F. Supp. 460, 461-62 (E.D. Mich. 1990) (Sixth
> Circuit); Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1447-48 (N.D. Ill. 1987)
> (Seventh Circuit); Ford v. New United Motors, Mfg., Inc., 857 F. Supp. 707, 708 n.3
> (N.D. Cal. 1994) (Ninth Circuit); [Jarvis], 874 F. Supp. at 1254-55 (Tenth Circuit);
> and Knowles v. Hertz Equipment Rental Co., 657 F. Supp. 109, 110 (S.D. Fla. 1987)
> (Eleventh Circuit).

Id.  It is insufficient for the removing defendant, in its notice of removal, to represent that all

other defendants consent to removal.  McShares, 979 F. Supp. at 1342-43 (citing Landman v. Borough of Bristol, 896 F. Supp. 406, 408-09 (E.D. Pa. 1995)); see Spillers v. Tillman, 959 F. Supp. 364, 369 (S.D. Miss. 1997) (noting the majority view that "'mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder.'")  (quoting Production Stamping Corp. v. Maryland Casualty Co., 829 F. Supp. 1074, 1076 (E.D. Wis. 1993)).  "One defendant's attempt to speak on behalf of another defendant will not suffice." Landman, 896 F. Supp. at 409 (citations omitted).

Defendants Daniel Company and Dodson did not independently and unambiguously communicate to the Court their consent to removal until the January 9, 2007 oral arguments regarding the instant Motion.  Defendant Americano argues that:

> Counsel for Americanos and Florencio Hernandez contacted counsel for the Daniel Company and Larry Dodson and was informed that the Daniel Company and Larry Dodson consented to the removal.  Counsel for Americanos and Florencio Hernandez then represented pursuant to FED. R. CIV. P. 11 that the Daniel Company and Larry Dodson consented to the removal.  Nothing more was required.

(Doc. 7).  Moreover, Defendant Americano maintains that no case law from the District of New Mexico or the Tenth Circuit requires more than the representation of consent in the notice of removal.  Finally, during the January 9, 2007 oral arguments, Defendant Americano asserted that the unique and collegial nature of federal litigation within the District of New Mexico alleviates the need to further formalize the joinder of defendants during the removal process.  This Court rejects Defendant Americano's position in favor of adopting the majority procedure in which defendants who do not sign the actual notice of removal must file an independent and unambiguous notice of consent to join in the removal.[3]  Despite the unique and enchanted nature

---

[3]  Although not cited by Defendant Americano, a small minority of case law allows for a defendant filing a notice of removal to represent the other named defendants consent within such

of federal litigation within the District of New Mexico, the Court finds adherence to the majority approach not only appropriate but also consistent with the well reasoned decisions of the clear majority of courts having ruled on this question.

Based on the foregoing, the Court concludes that Defendants Daniel Company and Dodson did not timely give consent to removal and, therefore, removal is procedurally defective. Accordingly, Plaintiffs' Motion to Remand shall be granted and the case is remanded to the Second Judicial District Court, State of New Mexico, County of Bernalillo.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

a notice. Specifically, Jasper v. Wal-Mart Stores, Inc., 732 F. Supp. 104, 105 (M.D. Fla. 1990) ("Additionally all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants.") and Chrysler First Financial Services Corp. V. Greenfield, 753 F. Supp. 939, 941 (S.D. Fla. 1991) ("The other defendants . . . have not joined in the United States' petition for removal, nor has the United States indicated on the face of the removal petition whether the remaining defendants agree to removal.") bolster Defendant Americano's argument. However, the vast majority of case law does not allow such instances.